# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1499 | **DATE** | 3/13/13 |
| **CASE TITLE** | Hasaan Echols (N-98853) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at his place of confinement is authorized to make deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Illinois River Correctional Center. Plaintiff may proceed with his complaint against Cook County Sheriff Tom Dart to identify the unknown Defendants. The clerk shall issue summons for service of the complaint on Dart and shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court. Once an attorney enters an appearance for Dart, Plaintiff must conduct discovery to learn the names of the unknown Defendants. His failure to do so in accordance with this order will result in summary dismissal of the unknown Defendants for failure to prosecute. The motion for assistance of counsel [4] is denied without prejudice.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff, Hasaan Echols, is incarcerated at the Illinois River Correctional Center. He alleges that, on December 28, 2011, he broke his wrist while playing basketball. The officer who escorted him to Cermak Health Services for treatment allegedly waited several hours, and Plaintiff arrived too late to have x-rays taken. According to Plaintiff, the following day, the technician took an x-ray of Plaintiff's arm but refused to take one of his wrist, since such was not ordered. Plaintiff states he was not again seen by a physician for three weeks. Upon his return to Cermak, a doctor confirmed that Plaintiff's wrist was broken but, according to Plaintiff, he received nothing more than ibuprofen and weekly x-rays. He was transferred to Illinois River in April 2012, where he states he received adequate treatment. Plaintiff seeks to name as Defendants Tom Dart, the officer who escorted Plaintiff to Cermak, the first doctor or physician's assistant he saw at Cermak, the x-ray technician, and the Cermak physician he saw in February 2012. Plaintiff does not know their names, and he refers to them as Jane Does.

     Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP motion and assesses an initial partial filing fee of $31.83. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

     The Court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The above-stated allegations state colorable claims against the unknown officer and medical personnel. *Roe v. Elyea* 631 F.3d 843, 857-58 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007). As to Tom Dart, however, Plaintiff states no claims upon which this Court can grant relief. There is no respondeat superior

| STATEMENT |
|---|

liability under § 1983, and Dart cannot be held vicariously liable for the constitutional torts of a jail officer or Cermak's staff members. *See Monell v. Dep't of Social Serv's*, 436 U.S. 658, 694 (1978). Supervisory officials may be personally responsible for the constitutional torts of their subordinates only if the official knew of and facilitated, approved, condoned, or turned a blind eye to the conduct. *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000). Plaintiff does not allege this. Nor does he allege an official policy or custom as to the jail's treatment of inmates to support a claim against Dart in his official capacity. *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012) (to state an official capacity claim, a plaintiff must allege facts demonstrating the existence of an "official policy" or custom that not only caused but also was the moving force of the constitutional violation). To the extent Plaintiff seeks to include the jail as a Defendant, it is not a suable party and cannot be named as a Defendant. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993).

Although Plaintiff states no claims against Tom Dart, he will remain a Defendant for the purpose of identifying the unknown Defendants. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (to assist a *pro se* litigant who does not know the names of defendants, a court may allow the case to proceed against a higher level official for the purpose of identifying unknown defendants). Once an attorney enters an appearance for Dart, Plaintiff may forward discovery requests to learn the names of the unknown Defendants. Plaintiff is given 90 days from the date an attorney appears for Dart to forward such discovery. Plaintiff's failure to conduct discovery during that time will result in the dismissal of claims against the unknown Defendants for want of prosecution. Plaintiff is further advised that there is a two-year limitations period for claims of deliberate indifference to medical needs in Illinois and that failure to identify Defendants during the limitations period may also result in their dismissal from this case. *See Gonzalez v. Entress*, 133 F.3d 551, 552 (7th Cir. 1998).

The clerk shall issue summons for service of the complaint on Sheriff Tom Dart. The United States Marshals Service is appointed to serve this Defendant. Any service forms necessary for Plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to Plaintiff. Plaintiff's failure to return forms to the Marshal will result in the dismissal of this Defendant. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Summons cannot issue for the unknown officers until their identities is known. Once Plaintiff learns their identities, he should submit an amended complaint that states all the claims he seeks to assert in this case and that identifies the parties he seeks sue. At that time, summonses may issue for parties not yet served.

Plaintiff's motion for the assistance of counsel is denied without prejudice. Neither the issues nor the discovery of this case are currently complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a judge's copy, including any exhibits, of every document filed. Plaintiff must also send an exact copy of any filing to Defendants, or to their attorney if one has appeared for them. Every document filed with the Court must include a certificate of service stating to whom and the date exact copies were mailed. Any paper sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.