# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Hasaan Echols (N-98853),

        Plaintiff,

v.

Tom Dart, et al.,

        Defendants.

Case No. 13 C 1499

Magistrate Judge Jeffrey T. Gilbert

## ORDER

The Court construes Plaintiff's letter dated September 7, 2017, which was docketed on September 12, 2017 [ECF No. 139] as a motion to waive the filing fee in this case. As such, it is denied. See Statement below for details.

## STATEMENT

On September 7, 2017, Plaintiff sent to the Court a letter that was docketed on September 12, 2017 in which he asked the Court to direct the Trust Fund Account Supervisor at the Illinois River Correctional Center to stop deducting money from his account because he contends that "the state was to play [sic] all court fees" as part of the settlement of Plaintiff's claims against the Cook County Defendants in early 2016. [ECF No. 139]. This Order addresses Plaintiff's request in his September 7, 2017 letter.

By Order dated March 13, 2013 [ECF No. 5], the Court granted Plaintiff's application for leave to proceed *in forma* pauperis and assessed an initial partial filing fee of $31.83. In addition, consistent with 28 U.S.C. § 1915(b)(2), the Court directed the trust fund officer at Plaintiff's place of incarceration to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income each time the amount in the trust fund account exceeded $10 until the full $350 filing fee was paid. The Court's records indicate as of today's date, Plaintiff has paid $107.51 towards the filing fee and still owes $242.49.

After the parties resolved the case, the Court entered an Order on February 12, 2016, dismissing this case "in its entirety, with each party to bear its own attorneys' fees and costs." [ECF No. 120]. The language in the dismissal order came directly from the parties' joint stipulation to dismiss the case which stated, in relevant part, "[i]t is therefore hereby stipulated and agreed . . . that this action be dismissed with prejudice in its entirety, **with each party to bear its own attorneys' fees and costs**" [ECF No. 119, emphasis added]. The stipulation to dismiss did not say anything about the State of Illinois being obligated to pay the filing fee or any court costs. That is not unusual since, among other things, the State of Illinois is not a party to this case.

Nothing in the record indicates that the settlement of this case addressed Plaintiff's obligation to satisfy the original $350 filing fee for this case. That also is not unusual. The Cook County Defendants have no authority to waive the filing fee in this court, which is payable to the Clerk of this court, not to the County Defendants. Instead, the obligation to pay the filing fee is statutory (*i.e.*, required by an Act passed by Congress, here 28 U.S.C. § 1915(b)(2)) and is extinguished only when the fee is paid in full. *See Jackson v. Foster*, No. 14-CV-1194-PP, 2015 WL 5918624, at *1 (E.D. Wis. Oct. 9, 2015) ("Congress requires courts to charge filing fees in exchange for allowing parties to file certain documents. . . . Parties pay a filing fee for the privilege of *filing* the complaint. The plaintiff filed a complaint. Thus, he owes the filing fee . . . "). The installment payment formula, which requires monthly payments of 20% of the preceding month's income each time an inmate's account exceeds $10 until the filing fee is paid, also is statutory. *See* 28 U.S.C. § 1915(b)(2).

Therefore, there is no support for Plaintiff's claim that the filing fee in this case was waived as part of his settlement with the Cook County Defendants back in 2016. Accordingly, construing Plaintiff's September 7, 2017 letter as a motion to waive the filing fee, his motion is denied.

It is so ordered.

Date: October 10, 2017

Magistrate Judge Jeffrey T. Gilbert